# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JESSICA ANN HILLMAN, | CIVIL ACTION NO.: |
| Plaintiff, | |
| v. | JURY TRIAL DEMANDED |
| THE ARC OF LEHIGH AND NORTHAMPTON COUNTIES, INC., | |
| | *ELECTRONICALLY FILED* |
| Defendant. | |

## COMPLAINT

Plaintiff, Jessica Ann Hillman, a resident of Lehigh County, Pennsylvania, by and through her attorneys, brings this civil action for damages against the above-named Defendant, The Arc of Lehigh & Northampton Counties, Inc., demands a trial by jury, and complains and alleges as follows:

## JURISDICTION AND VENUE

1. Jurisdiction of the claims set forth in this Complaint is proper in this judicial district pursuant to the Americans with Disabilities Act, as amended, 42 U.S.C. §12101, *et seq.* ("ADA"), the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601, *et seq.* ("FMLA") and 28 U.S.C. §1331.

2. This Court has, and should exercise, supplement jurisdiction over Plaintiff's state claims pursuant to 28 U.S.C. §1367.

3. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to these claims occurred in this judicial district.

## THE PARTIES

4. Plaintiff, Jessica Ann Hillman ("Plaintiff" or "Ms. Hillman"), is an adult individual residing at 1234 Fairfax Street, Allentown, Lehigh County, Pennsylvania 18103.

5. Plaintiff is disabled as defined by the ADA and the Pennsylvania Human Relations Act, 42 P.S. §951, *et seq.* (the "PHRA").

6. Defendant, The Arc of Lehigh & Northampton Counties, Inc. ("The Arc"), is a corporation organized under the laws of Pennsylvania with its headquarters located at 2289 Avenue A, Bethlehem, Northampton County, Pennsylvania 18017.

7. At all times relevant and material hereto, The Arc employed in excess of fifteen (15) employees and was an employer as defined in the ADA and the PHRA.

## ADMINISTRATIVE PROCEEDINGS

8. On or about March 2, 2020, Ms. Hillman filed a Complaint with the Equal Employment Opportunity Commission ("EEOC"), which was docketed as Case No. 530-2021-03222, with instruction to be cross-filed by the EEOC with the Pennsylvania Human Relations.

9. Plaintiff has been advised of her right to sue in federal court by notice dated May 12, 2021.

10. All necessary and appropriate administrative prerequisites to this action have occurred.

## STATEMENT OF FACTS

11. Ms. Hillman was hired by The Arc as a Direct Service Provider ("DSP") on or about November 15, 2018.

12. In her role as a DSP, Ms. Hillman assisted higher functioning mentally challenged adults.

13. At all time relevant and material to Ms. Hillman's claims, Ms. Hillman suffered from a disabling back condition, which restricted her mobility and her ability to bend, lift, twist and pull.

14. On or about November 13, 2019, Ms. Hillman went out on FMLA leave due to back surgery related to her disabling back condition.

15. Ms. Hillman was cleared by her doctor to return to work as of February 17, 2020, with restrictions related to bending, lifting, twisting and pulling.

16. Ms. Hillman's doctor agreed that she could perform the essential functions of her job as a DSP, assisting higher functioning mentally challenged adults.

17. Although Ms. Hillman's doctor cleared her to return to work as of February 17, 2020, and agreed that Ms. Hillman could perform the functions of her job, Ms. Hillman was told by the Human Resources Department that she could not be accommodated and that she could not return to work.

18. Prior to unilaterally refusing to allow Ms. Hillman to return to work following her back surgery, The Arc did not contact Ms. Hillman's doctor, conduct any occupational or vocational evaluation, and did not enter into any type of interactive process to determine whether Ms. Hillman could return to work; rather, Ms. Hillman was simply terminated.

19. The Arc violated the ADA and the PHRA by refusing to allow Ms. Hillman to return to work, refusing to enter into an interactive process, and refusing to allow Ms. Hillman any reasonable accommodations.

20. The Arc's discrimination based upon Ms. Hillman's disability, including her termination, violated Ms. Hillman's rights under the ADA and the PHRA.

21. The Arc also violated Ms. Hillman's rights under FMLA by refusing to allow Ms. Hillman to return to work following her properly approved FMLA leave.

## COUNT I

### Violations of the ADA
### Failure to Provide Reasonable Accommodation

22. All prior paragraphs are incorporated herein as if set forth fully below.

23. Ms. Hillman is within the protective class of individuals as designated by the ADA because she was disabled as a result of her back condition, which required surgical intervention.

24. Ms. Hillman's back condition substantially limited her ability her mobility and her ability to bend, lift, twist and pull.

25. Ms. Hillman was able to perform the essential functions of her job with or without a reasonable accommodation.

26. The ADA prohibits employers from discriminating against employees because of a disability, a record of a disability, and/or a perceived disability.

27. The Arc violated the ADA by denying Ms. Hillman's request to return to work within the restrictions provided by her doctor. This led to Ms. Hillman missing work and to her termination.

28. As a direct and proximate result of the conduct of The Arc in violating the ADA by discriminating against Ms. Hillman on the basis of her disability, Ms. Hillman has been permanently and irreparably harmed and damaged and has and will continue to lose benefits of employment such as lost earnings, lost employment benefits, and non-economic damages in the form of embarrassment, humiliation, and anxiety.

WHEREFORE, Plaintiff, Jessica Ann Hillman, respectfully requests that this Honorable Court declare the conduct engaged in by Defendant, The Arc of Lehigh & Northampton Counties, to be a violation of her rights under the ADA, and award all compensatory damages, lost wages (and raises) and benefits, front pay and back pay, lost future earning capacity, compensatory damages for emotional distress, punitive damages for intentional, willful, malicious, reckless, and outrageous conduct, reasonable attorneys' fees and costs incurred herein, and any pre and/or post judgment interest on all money awarded in damages for delay, as well as any other damages or remedies available under the ADA.

## COUNT II

### PHRA Allegations

29. All prior paragraphs are incorporated herein as if set forth fully below.

30. This is an action arising under the provisions of the PHRA, and this Court has, and should exercise, pendant jurisdiction over the same because the cause or action complained of in this Count II arises out of the same facts, events and circumstances as Count I and therefore judicial economy and fairness to the parties dictates that this Count be brought in the same Complaint.

31. By discriminating against Ms. Hillman on the basis of her disability, The Arc violated the provisions of Title 43 P.S. § 955 which prohibit discrimination based upon a disability.

32. As more fully set forth in Count I, Ms. Hillman has suffered directly and solely as a result of The Arc's action, great pecuniary loss, damage and harm and will continue to suffer the same for the indefinite future.

WHEREFORE, Plaintiff, Jessica Ann Hillman, respectfully prays that judgment be entered in her favor and against Defendant, The Arc of Lehigh & Northampton Counties, for all of the relief sough in Counts I, *supra*, and such other and further relief provided by the Pennsylvania Human Relations Act, together with an award of attorneys' fees and costs of suit.

## COUNT III

### Violations of the FMLA

33. All prior paragraphs are incorporated herein as if set forth fully below.

34. Ms. Hillman was approved for FMLA leave effective November 13, 2019, due to her back surgery.

35. The FMLA requires that "any eligible employee who takes leave …for the intended purpose of the leave shall be entitled, on return from such leave … to be restored by the employer to the position of employment held by the employee when the leave commenced."  29 U.S.C.A. § 2614.

36. Ms. Hillman took approved FMLA leave beginning November 13, 2019.

37. The Arc violated the FMLA by refusing to restore Ms. Hillman to her position of employment, or an equivalent position, upon her return from FLMA leave.

WHEREFORE Plaintiff Jessica Ann Hillman seeks judgment in her favor and against Defendant The Arc of Lehigh & Northampton Counties, Inc. for (a) backpay and benefits; (b) reinstatement and/or front pay and benefits in lieu of reinstatement; (c) interest on her monetary losses at the prevailing rate; (d) liquidated damages; (e) attorneys' fees and costs; and (f) such legal and/or equitable relief as allowed by law.

## DEMAND FOR JURY

Pursuant to Federal Rule of Civil Procedure 38(b) and otherwise, Plaintiff respectfully demands a trial by jury.

                                      Respectfully submitted,

                                      **Weisberg Cummings, P.C.**

May 17, 2021                       */s/ Larry A. Weisberg*
Date                                   Larry A. Weisberg (PA 83410)
                                        smahan@weisbergcummings.com

                                        */s/ Derrek W. Cummings*
                                        Derrek W. Cummings (PA 83286)
                                        dcummings@ weisbergcummings.com

                                        */s/ Steve T. Mahan*
                                        Steve T. Mahan (PA 313550)
                                        smahan@ weisbergcummings.com

                                        2704 Commerce Drive, Suite B
                                        Harrisburg, PA 17110
                                        (717) 238-5707
                                        (717) 233-8133 (FAX)

                                        *Counsel for Plaintiff*